CHARLES J. SCHUCK, Judge.
The claimant, A. S. Price, during the year 1948 was engaged in cutting timber in the woods near Whittington Hill on Copen *23 Branch of Kanawha Two Mile, in Kanawha county, West Virginia, and conveying the logs and timber to a sawmill, to be converted into lumber and sold in the nearby markets.
On June 24, 1948, while claimant’s truck, used in connection with his said business and loaded with logs, was crossing a state-controlled and maintained bridge, located in Copen Branch of Kanawha Two Mile, the bridge broke and collapsed, throwing and precipitating the truck into the creek below and causing damages for which claimant seeks an award here. Fortunately, the occupants of the truck were not hurt or injured.
The evidence shows that at least one stringer supporting the floor of the bridge had rotted and decayed causing it to break away from its support and bringing about the collapse of the bridge. The evidence reveals that no inspection of the bridge, as required by our laws, had been made by the road authorities in charge. No warning signs of any kind had been posted or placed at the approaches to the bridge, nor were there any signs as to load limits and, while there is some conflicting testimony as to the load and weight of the truck at the time of the accident, we are convinced by the evidence that the truck was not overloaded and that claimant was not guilty of any negligence in the operation of the truck in attempting to cross the bridge in question at the time of the accident. The unsafe condition of the bridge, about which claimant had no knowledge, was the proximate cause of the accident, and the state is therefore morally bound, in view of all the facts and circumstances, to compensate claimant for his loss.
Claimant asks damages for the loss of time during which the truck was undergoing repairs, for the loss of sales of timber and for cancellations by prospective purchasers, by reason of which he lost profits that would have been made had he been in position to make deliveries of his lumber. In all of these instances, however, the testimony is weak, unsatisfactory and mostly speculative. No prospective pur *24 chasers are named or produced to testify. No specific loss or losses are shown by proper and creditable evidence, and •we are concerned therefore only with the damages to the truck and for which, as heretofore indicated, the claimant ought to be compensated.
The exhibits introduced in connection with claimant’s testimony show total damages to the truck of approximately $325.00. However, a part of this amount is estimated and the exhibits themselves seem to show an overlapping of some of the items of repair. Therefore, in view of all the foregoing facts and in consideration of the further fact that claimant was deprived of the use of the truck for a period of eight days after the accident, a majority of the court is of opinion that claimant is entitled to be compensated in the amount of three hundred dollars ($300..00), and accordingly recommends an award in that amount to Legislature for its consideration.